**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARK CALERO,

    Plaintiff,

v.

                                                      Civ. No. 20-1015 KWR/KK

CORECIVIC, INC.,

    Defendant.

**ORDER DENYING MOTION TO STAY DISCOVERY
AND SETTING INITIAL SCHEDULING CONFERENCE**

THIS MATTER is before the Court on Defendant CoreCivic, Inc.'s Motion to Stay Discovery (Doc. 14) ("Motion to Stay"), filed November 18, 2020. In its Motion to Stay, Defendant asks the Court to stay all discovery in this case pending resolution of its Motion to Dismiss (Doc. 7), filed October 12, 2020. (Doc. 14 at 1.) Plaintiff Mark Calero filed a response in opposition to the Motion to Stay on December 2, 2020, and Defendant filed a reply in support of it on December 11, 2020. (Docs. 17, 18.) The Court, having reviewed the parties' submissions, the record, and the relevant law, being otherwise fully advised, and for the reasons set forth below, FINDS that the Motion to Stay is not well taken and should be DENIED.

Under the Civil Justice Reform Act and the Federal Rules of Civil Procedure, the Court must attempt to secure the "just, speedy, and inexpensive" resolution of every civil case before it. 28 U.S.C. § 471; Fed. R. Civ. P. 1. This standard requires the Court, in the course of ensuring a just outcome, to both (1) expedite the ultimate disposition of litigation and (2) reduce its costs. Discovery stays generally impede the first goal but may, depending on the circumstances, serve the second. As such, the decision whether to stay discovery "depends greatly on each case's facts and progress" and is within the Court's "broad discretion." *De Baca v. United States*, 403 F. Supp.

3d 1098, 1111-12 (D.N.M. 2019); *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1089-90 (D.N.M. 2015).

In deciding whether to stay discovery, courts must exercise sound judgment and "weigh competing interests." *De Baca*, 403 F. Supp. 3d at 1111; *Martin*, 219 F. Supp. 3d at 1089. In so doing, courts

> may consider factors such as: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (quotation marks and brackets omitted).

Plaintiff filed this case in state court on September 2, 2020 and served Defendant the following day. (Doc. 1-1 at 2; Doc. 1-2 at 3.) Since then, nearly four months have passed, and no discovery has been permitted. If the Court were to grant Defendant's Motion to Stay, this already substantial delay in Plaintiff's ability to prosecute his case would only grow. A delay of this duration is certainly not "speedy," Fed. R. Civ. P. 1, and threatens to become unfairly prejudicial to Plaintiff due to, *inter alia*, fading memories and increased difficulty in locating witnesses and documents. Thus, the Court finds that Plaintiff's interests in proceeding expeditiously and avoiding potential prejudice weigh heavily against a discovery stay at this juncture.

In contrast, Defendant has not shown that the burden it would bear, should discovery be allowed to proceed, is in any way out of the ordinary. Defendant argues that it "will be burdened by having to participate and engage in discovery in the absence of a stay because if its Motion to Dismiss is granted the entire case will be dismissed." (Doc. 118 at 2.) That is, of course, one possibility. However, it is also possible that Defendant's Motion to Dismiss will be denied, or granted as to some of Plaintiff's claims but not all, in which case discovery will still be necessary.

In addition, it is possible that the motion will be granted with leave to amend, which may also result in the need for discovery. *See Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020) ("District courts should freely give leave to amend when justice so requires.") (quotation marks and brackets omitted). Moreover, if Defendant's Motion to Dismiss is wholly successful, it is entitled to have its costs taxed against Plaintiff, which mitigates Defendant's burden. Fed. R. Civ. P. 54(d). Thus, though Defendant's interests weigh slightly in favor of a stay, they do not overcome Plaintiff's interests weighing against one.

With respect to the remaining factors, Defendant has not identified any nonparty who would be so burdened by his or her involvement in discovery in this case that the nonparty's interests would tip the scales in favor of a stay. Nor do the Court's convenience and the public interest have that effect. The Court might balance these interests differently if it could predict the outcome of Defendant's Motion to Dismiss with certainty, but that it cannot do. Meanwhile, it serves neither the Court nor the public to delay discovery indefinitely. The Court in its discretion therefore DENIES Defendant's Motion to Stay Discovery (Doc. 14).

To put this case back on track, counsel are hereby directed to "meet and confer" no later than **Friday, January 8, 2021**, to formulate an Amended Provisional Discovery Plan ("Amended PDP"). Pursuant to Federal Rule of Civil Procedure 26(d)(2), the parties may deliver requests for production under Rule 34 before the "meet and confer" date. Fed. R. Civ. P. 26(d)(2). However, such requests are not considered to have been served until the first "meet and confer" session. *Id.* Initial disclosures under Rule 26(a)(1) must be made **within ten (10) days of the "meet and confer" session**, unless a different time is set by stipulation or court order. Defendant is to electronically file the Amended PDP by **Tuesday, January 19, 2021**.

A Rule 16 Initial Scheduling Conference will be held **by telephone** on **Tuesday, January 26, 2021 at 2:30 p.m.**  Counsel are to call the Court's AT&T conference line at (877) 848-7030 and enter the code 7324132 to connect to the proceedings.  Lead counsel must participate unless excused by the Court.  Parties represented by counsel need not attend.

IT IS SO ORDERED.

*/s/ Kirtan Khalsa*
_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE